IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHAWN FLEWELLEN, ) | |
| ) | CIVIL ACTION CASE NO. |
| Plaintiff, ) | |
| ) | |
| versus ) | |
| ) | |
| CITY OF MACON, GEORGIA, ) | |
| BIBB COUNTY, GEORGIA, ) | |
| MACON-BIBB COUNTY ) | |
| UNIFIED GOVERNMENT, ) | |
| CHIEF MIKE BURNS, in his ) | DEMAND FOR JURY TRIAL |
| official capacity as Chief of Police, ) | |
| SHERIFF DAVID DAVIS, in his ) | |
| official capacity as Sheriff, ) | |
| OFFICER A. GILBERT, ) | |
| individually, and in his official ) | |
| capacity, OFFICER DURBIN, ) | |
| individually, and in his official ) | |
| capacity, and all unnamed current ) | |
| and/or former employees of the ) | |
| City of Macon and the Bibb County ) | |
| Sheriff's Office involved in the ) | |
| subject of this suit, ) | |
| ) | |
| Defendants . ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Shawn Flewellen, (hereinafter referred to as "Plaintiff"), and, in accordance with Rule 3 of the Federal Rules of Civil Procedure, files this complaint against the defendants named herein, asserting constitutional and federal civil rights claims under 42 U.S.C. § 1983, as well as claims under the laws of the State of Georgia. In support of these claims, Plaintiff states as follows:

1

## **JURISDICTION AND VENUE**

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 42 U.S.C. § 1983.

2.

The practices that are alleged to have violated Plaintiff's civil rights were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

3.

Venue is proper in this court.

4.

Defendant, City of Macon, a municipal corporation duly incorporated under the laws of the State of Georgia, may be served with process by serving the mayor or city manager.

5.

Bibb County is a county government created and existing under the laws of the State of Georgia, may be served with process serving the county manager or the members of the board of commissioners.

Case 5:15-cv-00860-LJA Document 1 Filed 03/13/15 Page 2 of 14

6.

Macon-Bibb County is a unified government organized and existing under the laws of the State of Georgia.

7.

Defendant Mike Burns (hereinafter "Defendant Burns"), was the Chief of Police for the City of Macon, Georgia until the police department merged with the Sheriff's Office January 1, 2014. Defendant Burns was Chief of Police during the time of the events that form the basis of this Complaint.

8.

David Davis is the Sheriff of Bibb County, which now includes the former Macon Police Department.

9.

Officer A. Gilbert was an officer employed by the Macon Police Department during the time of the events which form the basis of this Complaint.

10.

Officer Durdin was an officer employed by the Macon Police Department during the time of the events which form the basis of this Complaint.

11.

The unnamed current and former employees of the Macon Police Department and the Bibb County Sheriff's Office who were involved in the

incidents which form the basis of this Complaint are unknown at this time; their identities may be discovered in the course of this litigation.

12.

At all times relevant hereto, the City of Macon, the Bibb County Sheriff's Office, and Macon-Bibb County were instrumentalites of the State of Georgia pursuant to O.C.G.A. §§ 15-16-1, *et seq.*, and therefore were acting under the color of law.

13.

Plaintiff has exhausted his administrative remedies in advance of the filing of this lawsuit against all Defendants herein, by delivering an ante litem notice on December 17, 2013. All conditions precedent to the institution of this lawsuit have therefore been fulfilled.

## FACTUAL BACKGROUND

14.

Plaintiff Shawn Flewellen was walking down a public street in the City of Macon on March 14, 2013, en route to a Citgo gas station store.

15.

While Plaintiff was en route, Officer Durbin of the Macon Police Department stopped Plaintiff without probable cause or reasonable suspicion to

4

believe that criminal activity was afoot. At some point while Plaintiff was being detained, a physical altercation ensued.

16.

In the course of the struggle, Officer Durbin called dispatch for backup, and within minutes several officers arrived on the scene and assisted with subduing the Plaintiff.

17.

Plaintiff was ultimately overpowered and placed on the ground in handcuffs; however, after the officers had gained positive control over him, Plaintiff was beaten, kicked, and punched by the officers.

18.

The officers' use of unwarranted and excessive force was captured on video.

19.

As a direct and proximate result of the multiple blows from the officers, Plaintiff sustained multiple bruises, a broken right arm, and several broken ribs.

20.

Plaintiff was thereupon taken to the Bibb County Law Enforcement Center. But despite his serious and obvious physical injuries, Plaintiff did not receive the immediate medical attention he required.

21.

Indeed, Plaintiff received no medical attention at all until March 15, 2013 — twenty-four hours after he arrived — when his mother called Lt. Clowers of the Bibb County Sheriff's Office and advised Lt Clowers of her son's injuries. At that time, Lt. Clowers communicated with other staff at the Sheriff's Office to have Plaintiff taken to the nearest medical facility.

22.

Plaintiff was taken to the Medical Center of Central Georgia, where he underwent surgery to treat his broken arm. The surgery included inserting screws and a metal plate in his arm. Plaintiff was in the hospital for several days.

23.

Plaintiff's mother later called back to speak with Lt. Clowers, she was advised that her son had been transported for medical care and had been in the hospital for several days.

24.

Plaintiff sustained multiple serious injuries at significant cost.

## COUNT I

## **Excessive Force**

25.

The allegations set forth in Paragraphs 1 through 24 of the Complaint are incorporated herein.

26.

The Fourth Amendment to the U.S. Constitution guarantees citizens the right "to be secure in their persons . . . against unreasonable seizures" of the person.

27.

The force used on Plaintiff by Defendant Durbin, Defendant Gilbert, and the unnamed current and former employees of the City of Macon and/or the Bibb County Sheriff's Office was unlawful, unjustified, and objectively unreasonable under the circumstances, and Plaintiff was physically and emotionally harmed thereby.

28.

These Defendants struck Plaintiff while he was handcuffed, subdued, and posing no threat to them, causing broken bones and other significant injuries. These actions were excessive, unreasonable, and in violation of Plaintiff' rights under the Constitution of the United States and federal law.

29.

These Defendants are liable to Plaintiff for excessive force in accordance with the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## COUNT III

## Maintenance of Unlawful Policy and/or Custom in Violation of Civil Rights

### ("Monell Liability")

30.

The allegations set forth in Paragraphs 1 through 29 of the Complaint are incorporated herein.

31.

The "[f]ailure to properly train municipal police officers is considered a 'policy or custom' that gives rise to § 1983 liability." McKinney v. DeKalb County, 997 F.2d 1440, 1442 (11th Cir. Ga. 1993).

32.

Defendants City of Macon, Macon-Bibb County, Mike Burns, and David Davis failed to properly train the Defendant police officers with respect to Plaintiff's constitutional rights, including the proper use of force.

33.

The failure to properly train the Defendant police officers is a "policy or custom" that gives rise to 42 U.S.C. § 1983 liability and reflects deliberate indifference to the constitutional rights of Plaintiff.

34.

The actions of Defendants Gilbert, Durbin, and the unnamed current and former employees of the City of Macon and Bibb County Sheriff's Office, as alleged herein, were taken under the color of law and were pursuant to a policy, custom, or practice of Defendants City of Macon, Macon-Bibb County, Mike Burns, and David Davis.

35.

Defendants City of Macon, Macon-Bibb County, Mike Burns, and David Davis are liable to Plaintiff for damages in accordance with the United States Constitution and 42 U.S.C. § 1983.

### COUNT IV

### Failure to Supervise

36.

The allegations set forth in Paragraphs 1 through 35 of the Complaint are incorporated herein.

37.

Defendant Burns, as the Police Chief for the City of Macon and the police officer Defendants' superior, may be held liable under 42 U.S.C. § 1983 for "the constitutional violation committed by his subordinate[s]". <u>McKinney v. DeKalb County</u>, 997 F.2d 1440, 1443 (11th Cir. Ga. 1993).

38.

Defendant Burns knew, or should have known, that his failure to adequately train and supervise the police officers shows a reckless disregard for Plaintiff's constitutional rights and a causal connection to the constitutional infringement by his subordinates.

39.

Defendant Burns is thus liable to Plaintiff for his injuries, including physical, economic and emotional damages.

## COUNT IV

### Deliberate indifference to Serious Medical Needs

40.

The allegations set forth in Paragraphs 1 through 39 of the Complaint are incorporated herein.

41.

Plaintiff arrived at the Bibb County Law Enforcement Center March 14, 2013, with broken bones and other serious injuries that were inflicted by Defendants Gilbert, Durbin, and the unnamed current and/or former employees of the City of Macon and the Bibb County Sheriff's Office.

42.

Plaintiff's injuries were obvious. In addition, Plaintiff complained of severe pain.

43.

Defendant Davis was the Sheriff of Bibb County and he maintains the county jail where Plaintiff was detained.

44.

As Sheriff, Defendant Davis is responsible for providing food and medical care for pretrial detainees housed at the jail.

45.

Defendant Davis and the unnamed current and former employees of the City of Macon and/or the Bibb County Sheriff's Office failed to provide medical treatment to Plaintiff for more than twenty-four hours after his arrival at the jail, during which time Plaintiff suffered in tremendous pain.

46.

Defendant Davis and the unnamed current and former employees of the City of Macon and/or the Bibb County Sheriff's Office were deliberately indifferent to Plaintiff's serious medical condition, in violation of Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

47.

Plaintiff is entitled to recover for this constitutional violation.

## COUNT VIII

### Punitive Damages

48.

The allegations set forth in Paragraphs 1 through 47 of the Complaint are incorporated herein.

49.

Defendant's actions were willful, malicious, and reckless or callously indifferent to the federally protected rights of Plaintiff.

50.

An award of punitive damages against Defendants in this case is proper to deter Defendants from such misconduct.

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

(a) That process issue and that Defendants be served according to law;

(b) That Defendants be found liable to Plaintiff for all claims presented herein;

(c) That the Court enter judgment for nominal, compensatory and punitive damages against Defendants for all claims presented herein, whether with or without particular heading;

(d) Enter judgment against Defendants for Plaintiff's expenses of litigation, including attorney's fees, expert fees, and costs;

(e) Award pre-judgment interest and post-judgment interest;

(f) That Plaintiff have a trial by a jury of his peers; and

(g) Grant such other and further relief as this court deems just and proper.

Respectfully submitted this 13th day of March, 2015.

       FINCHER DENMARK & MINNIFIELD, L.L.C.

       */s/Winston A. Denmark*
       WINSTON A. DENMARK
       Georgia State Bar No. 211751
       Attorney for Plaintiff

8024 Fairoaks Court
Jonesboro, Georgia 30236
(770) 478-9950 (telephone)
(770) 471-9948 (facsimile)
wdenmark@fdwmlaw.com;

Case 5:15-cv-00586-LJA Document 1 Filed 03/18/15 Page 14 of 14

14