IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF GEORGIA ALBANY DIVISION

| | |
|---|---|
| SHAWN FLEWELLEN, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 5:15-CV-86 (LJA) |
| CITY OF MACON, GEORGIA, BIBB COUNTY, GEORGIA, MACON-BIBB COUNTY UNIFIED GOVERNMENT, CHIEF MIKE BURNS, in his official capacity as Chief of Police, SHERIFF DAVID DAVIS, in his official capacity as Sheriff, OFFICER A. GILBERT, individually, and in his official capacity, OFFICER DURBIN, individually, and in his official capacity, and all unnamed current and/or former employees of the City of Macon and the Bibb County Sheriff's Office involved in the subject of this suit, | : |
| Defendant. | : |

# ORDER

Before the Court are Defendants Macon-Bibb County, City of Macon, Bibb County Georgia, Chief Mike Burns, and Sheriff David Davis' Motion to Dismiss, (Doc. 4), and Defendants Officer Gilbert and All Unnamed Current and/or Former Employees of the City of Macon and the Bibb County Sheriff's Office Involved in the Subject of the Suit's Motion to Dismiss, (Doc. 12). For the following reasons, Defendants' Motions are **GRANTED**.

1

# BACKGROUND[1]

This action arises out of Plaintiff Shawn Flewellen's arrest on March 14, 2013. (Doc. 1). During the arrest, a physical altercation ensued. *Id.* In the course of the struggle, Defendant Durbin called for backup, and several officers arrived on the scene to assist with Plaintiff's arrest. *Id.* Plaintiff was ultimately overpowered and placed on the ground in handcuffs. *Id.* Even after Plaintiff was subdued, Plaintiff was beaten, kicked, and punched by the officers and sustained multiple bruises, a broken right arm, and several broken ribs. *Id.* Plaintiff was taken to the Bibb County Law Enforcement Center. *Id.* Despite his serious and obvious physical injuries, Plaintiff did not receive medical attention until the next day after his mother called Lt. Clowers of the Bibb County Sheriff's Office and advised Lt. Clowers of her son's injuries. *Id.* Lt. Clowers then arranged to have Plaintiff taken to the nearest medical facility. *Id.* Plaintiff was taken to the Medical Center of Central Georgia, where he underwent surgery to treat his broken arm and spent several days recuperating. *Id.*

Plaintiff filed his Complaint on March 13, 2016. *Id.* Plaintiff served Defendants City of Macon and Bibb County Georgia on April 1, 2015. (Docs. 5 and 6). Defendant Sheriff David Davis was served on April 10, 2015. (Doc. 7). Defendant Officer Durbin waived formal service and filed an Answer on May 12, 2015. (Doc. 8). The other Defendants to this action have not been served. (*See generally* Docket).

Defendants Macon-Bibb County, City of Macon, Bibb County Georgia, Chief Mike Burns, and Sheriff David Davis (collectively referred to herein as the "Supervisory Defendants) filed a Motion to Dismiss on April 17, 2015. (Doc. 4). Plaintiff did not respond to the Supervisory Defendants' Motion to Dismiss. (*See generally* Docket). Defendants Officer Gilbert and All Unnamed Current and/or Former Employees of the City of Macon and the Bibb County Sheriff's Office Involved in the Subject of the Suit (referred to herein as the "Unnamed Defendants") filed a Motion to Dismiss on July 25, 2016. (Doc. 12). Defendant Responded on August 15 and 16, 2016, and Defendants Gilbert and the Unnamed Defendants Replied on August 16, 2016. (Docs. 14, 18, and 19). The

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's complaint, (Doc. 1), as true. *See* Fed. R. Civ. P. 12 (b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

2

Motions are now ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that the complaint plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs;" however, it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291.

## DISCUSSION

### I. Claims Against Defendant Gilbert and the Unnamed Defendants

Defendants Gilbert and the Unnamed Defendants have moved to dismiss Plaintiff's claims against them because Plaintiff failed to perfect service within 120 days of filing the Complaint. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A "plaintiff is responsible for serving the defendant with [the] summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). Pursuant to the Federal Rules of Civil Procedure in effect when the case was filed, "Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the plaintiff filing the complaint."[2] *Id.* (citing Fed. R. Civ. P. 4(m)).

"If the plaintiff fails to properly serve the defendant within 120 days, 'the court,

---

[2] Effective December 1, 2015, Rule 4(m) was amended by reducing the time within which to perfect service from 120

3

upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Id.* (quoting Fed. R. Civ. P. 4(m)) (alterations in original). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). However, "even if a district court finds that a plaintiff has not shown good cause for failing to effect timely service pursuant to Rule 4(m), 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *King v. City of Waycross, Georgia*, 5:14-CV-32, 2015 WL 1525251, at *5 (S.D. Ga. Mar. 31, 2015) (quoting *Lepone–Dempsey*, 476 F.3d at 1282).

As discussed below, Plaintiff has failed to show good cause for the failure to serve Gilbert or to even attempt to identify or serve the Unnamed Defendants within 120 days of filing his Complaint. In light of Plaintiff's flagrant disregard of the Federal Rules of Civil Procedure, the Court finds that dismissal of Plaintiff's claims against Defendant Gilbert and the Unnamed Defendants is appropriate. In reaching this conclusion, the Court has considered whether any other circumstances warrant an extension of time based on the facts of the case, including the potential impact of the statute of limitations.

### A. Defendant Gilbert

Plaintiff attempted to serve Gilbert at the same time that he served the County and the Sheriff. When he was unable to serve Gilbert, he appears to have taken no further actions to locate and serve Gilbert until after the Motion to Dismiss was filed. Plaintiff's evidence of his effort to locate Gilbert is, in fact, evidence of his lack of diligence. The two pieces of evidence proffered by Plaintiff – an August 2015 article stating that Gilbert was no longer with the Bibb County Sheriff's office and a 2016 Lexis Locator search – were both readily available in the 120 days following the filing of the Complaint.[3]

---

days to 90 days. Fed. R. Civ. P. 4(m). However, as this matter was filed on March 13, 2015, the 2014 Rules apply.
[3] Plaintiff does not indicate when he found the article about Defendant Gilbert's separation from the Bibb County Sheriff's office, nor does he indicate when he ran the Locator search. The copyright on the Locator Search is 2016, so it

Furthermore, Plaintiff stated that, as of August 15, 2016, the date of his Response, "Plaintiff is now determining whether to move forward with out of state service." Thus, despite having located Gilbert, Plaintiff still had made no further attempt to serve him almost a year and a half after filing the Complaint. Thus, because Plaintiff's lack of diligence is the cause of the failure to effect service, good cause has not been shown with regard to Defendant Gilbert.

The actions giving rise to this Complaint occurred on March 14, 2013. The statute of limitations for an excessive force claim brought pursuant to 42 U.S.C. § 1983 is two years pursuant to O.C.G.A. § 9-3-33. *Jones v. Union City*, 450 F. App'x 807, 808-09 (11th Cir. 2011) (*citing Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Accordingly, Plaintiff had until March 14, 2015 to file his claim, which he did on March 13, 2015—just one day before the expiration of the statute of limitations. Accordingly, a dismissal at this stage would effectively bar Plaintiff's claims against Gilbert.[4] But, "the running of the statute of limitations does not require that a district court extend the time for service of process." *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1133 (11th Cir. 2005). Thus, after considering the effect of the statute of limitations along with Plaintiff's lack of diligence, the Court finds that dismissal of the claims against Defendant Gilbert for failure to serve process is appropriate.

### B. The Unnamed Defendants

Likewise, Plaintiff has not shown good cause for the failure to identify and serve any of the Unnamed Defendants. In fact, Plaintiff does not even address the Unnamed Defendants in his Response to this Motion to Dismiss. Because good cause is not shown, the claims against the Unnamed Defendants are subject to dismissal. While the Court takes into account that the statute of limitations will bar refiling of the suit, dismissal is still appropriate with regard to the Unnamed Defendants. As was the case in *Wayne v. Jarvis*, Plaintiff, by waiting until the day before the statute of limitations ran to file his case "waited too long before setting about to find crucial information he needed to make his claim against the [Unnamed Defendants]. [Plaintiff] bears the consequences of his own

---

is clear that it was not run within 120 days of March 2015 when the Complaint was filed.
[4] There is no assertion that Defendant Gilbert or the Unnamed Defendants have attempted to evade service, nor is there an allegation of a concealed defect in attempted service.

delay. Had he filed earlier, he could have learned the [Unnamed Defendants'] identities in time to amend his complaint before the statute of limitations ran." 197 F.3d 1098, 1104 (11th Cir. 1999). Thus, allowing service at this time would be futile because, "an amendment to name the unidentified Defendants would not relate back under Fed. R. Civ. P. 15(c) to Plaintiff's original complaint." *Lee v. State Patrol Office*, 1:12-CV-3041, 2014 WL 221170, at *4 (N.D. Ga. Jan. 21, 2014) (*citing Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 962, 966 n. 11 (11th Cir.2001). Accordingly, dismissal of the Unnamed Defendants is appropriate.

## II. Claims Against Defendants Macon-Bibb County, Chief Burns, and Sheriff Davis

Plaintiff sues the Supervisory Defendants under 42 U.S.C. § 1983. Defendants Macon-Bibb County[5], Chief Burns, and Sheriff Davis moved to dismiss the claims against them based on Plaintiff's failure sufficiently to allege facts to support the claims. Plaintiff claims that: (1) the Supervisory Defendants failed to train and supervise officers of the Bibb County Sheriff's Office in the proper use of force; and (2) Defendant Davis was deliberately indifferent to Plaintiff's medical needs. Plaintiff did not respond to the Supervisory Defendant's Motion to Dismiss.

"The Supreme Court has placed strict limitations on municipal liability under section 1983. There is no respondeat superior liability making a municipality liable for the wrongful actions of its police officers in…. Instead, a municipality may be held liable for the actions of a police officer only when municipal "official policy" causes a constitutional violation." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978)). A municipality can only be held liable "where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a

---

[5] Plaintiff's Complaint names "City of Macon," "Bibb County, Georgia," and "Macon-Bibb County Unified Government" as Defendants.  Effective January 1, 2014, the City of Macon and Bibb County were consolidated to form Macon-Bibb County. *See* House Bill 1171, Section 1.  Accordingly, the Court's references to Macon-Bibb County includes City of Macon, Bibb County, Georgia, and Macon-Bibb County Unified Government.

citizen's constitutional rights." *Id.* "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality…can a city be liable for such a failure under § 1983." *Id.* (*quoting City of Canton v. Harris,* 489 U.S. 378, 388-389 (1989). Accordingly, "[t]o establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.* "A city may be put on notice in two ways. First, if the city is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, it is considered to be deliberately indifferent. Alternatively, deliberate indifference may be proven without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training would be obvious." *Lewis v. City of W. Palm Beach*, Fla., 561 F.3d 1288, 1293 (11th Cir. 2009).

Plaintiff has failed sufficiently to allege facts showing that the Supervisory Defendants were aware of a pattern of constitutional violations or that there was such a high likelihood of a constitutional violation that there was an obvious need to train the officers on the proper use of force. Rather, Plaintiff relies on conclusory allegations that there was a policy or custom and that the Supervisory Defendants knew or should have known that failure to train would result in a violation of Plaintiff's constitutional rights.

As explained above, the Court may not "accept the labels and legal conclusions in the complaint as true." *Edwards*, 602 F.3d at 1291. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

With regard to Plaintiff's claim that Defendant Davis was deliberately indifferent to Plaintiff's medical needs, Plaintiff must either (1) identify "an official policy or a widespread practice or custom that, although not authorized by express municipal policy, is so settled and permanent that it takes on the force of law" or (2) point to "a single decision made by a municipal official if that municipal official is the final policymaker for the municipality with respect to the subject matter in question." *Mandel v. Doe*, 888 F.2d 783, 793 (11th Cir. 1989).

7

Plaintiff has not identified an official policy, but appears to attempt to allege that Defendant Davis made a single decision with respect to the alleged failure to provide medical care. Plaintiff, however, fails to allege that Defendant Davis actually made a decision not to provide medical care. Rather, he alleges that the ultimate responsibility lay with Davis because he was the Sheriff. This allegation is insufficient to support a claim for deliberate indifference under §1983.

Accordingly, Plaintiff's claims against the Supervisory Defendants are subject to dismissal.

## CONCLUSION

Based on the forgoing, Defendant Gilbert's and the Unnamed Defendants' Motion to Dismiss, (Doc. 12), is **GRANTED**; and all claims against Defendant Gilbert and the Unnamed Defendants are **DISMISSED**. Furthermore, Defendants Macon-Bibb County, Chief Burns, and Sheriff Davis' Motion to Dismiss, (Doc. 4), is **GRANTED**; and all claims against Defendants Macon-Bibb County, City of Macon, Georgia, Bibb County, Georgia, Macon-Bibb County Unified Government, Chief Burns, and Sheriff Davis are **DISMISSED**.

**SO ORDERED,** this 29th day of September, 2016.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**